UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Mary Pressley, | ) | C/A No. 6:25-cv-13312-BHH-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| 21st Mortgage, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, files this action purportedly to remove to this Court an eviction or foreclosure proceeding from a state magistrate court. This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the pleadings in this case in accordance with applicable law, the undersigned concludes that this action should be summarily dismissed. Additionally, Plaintiff's Motion for Temporary Restraining Order (ECF No. 4) should be denied.

## BACKGROUND

Plaintiff commenced this action by filing a Complaint on the standard form. ECF No. 1. Plaintiff asserts she is "wanting the case with state court to be moved to federal court with my mortgage." *Id*. at 3. Plaintiff contends the "amount owed is [$]40,000.00." *Id*. at 4. Plaintiff alleges that she was not served with a court date properly to discuss her case in front of a judge and she did not understand her fair rights to a trial. *Id*. For relief, Plaintiff asserts that she does not believe that she owes the mortgage company $40,000 and was not served properly with any court dates prior to the writ. *Id*.

1

Plaintiff has also filed a Motion for Temporary Restraining Order. ECF No. 4. Plaintiff asks for a TRO until the case is reviewed by a judge. *Id*. at 1. Specifically, Plaintiff asks the Court "to pause all evictions and removal of all my things until the judge makes a decision." *Id*.

Neither Plaintiff's Complaint nor her Motion identify the state court proceedings of which she complains. However, the Laurens County Public Index indicates that Plaintiff has been sued in three separate actions by Defendant in the Laurens County Court of Common Pleas as follows:

- *21st Mortgage Corporation v. Pressley*, No. 2021cp3000999; action for Claim and Delivery; judgement by default entered on February 4, 2022.

- *21st Mortgage Corporation v. Pressley*, No. 2024cp3000077; action for Claim and Delivery; stipulation of dismissal entered on November 7, 2024.

- *21st Mortgage Corporation v. Pressley*, No. 2025cp3000667; action for Claim and Delivery; judgement by default entered on September 9, 2025.

*See* Laurens County Eighth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Laurens/PublicIndex/PISearch.aspx (search by case numbers listed above) (last visited Nov. 12, 2025).[1] Case number 2025cp3000667 involved a Complaint for repossession of Plaintiff's mobile home and appears to be the case about which Plaintiff complains in the present action. The Court will refer to the Laurens County case at number 2025cp3000667 as the "State Court Action."

---

[1] The Court takes judicial notice of the records in Plaintiff's pending criminal cases in the state court. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. Because Plaintiff is a *pro se* litigant, the Complaint is accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this less stringent standard, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but the Court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

This Court also possesses the inherent authority to review *pro se* pleadings to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the pleadings are not subject to the prescreening provisions of 28 U.S.C. § 1915. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of

this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations omitted); *see also Fitzgerald v. First E. Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules."); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (providing a judge may dismiss an action *sua sponte* for lack of subject matter jurisdiction without issuing a summons or following other procedural requirements).

### DISCUSSION

**The Complaint is Subject to Dismissal**

Plaintiff purports to remove to this Court the State Court Action. This case is subject to summary dismissal because Plaintiff fails to demonstrate that this Court has federal subject matter jurisdiction over the claims. Additionally, the Court should abstain from deciding Plaintiff's claims in this case under the *Rooker-Feldman* Doctrine.[2]

---

[2] The *Rooker-Feldman* Doctrine derives its name from two cases decided by the United States Supreme Court finding that the district court lacks subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments where the district court is requested to review and reject those judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

*Jurisdiction*

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), and a litigant must allege facts essential to show jurisdiction in his pleadings. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). As such, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"

Under 28 U.S.C. § 1441(a), "a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." The burden of demonstrating jurisdiction and the propriety of removal, however, rests with the removing party. *See Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004). In determining federal question jurisdiction, the complaint controls. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Plaintiff purports to remove the State Court Action to this Court based upon federal question jurisdiction. ECF No. 1. However, a judgment was entered in the State Court Action prior to the filing of this federal court case. The Honorable Donald B. Hocker entered a default judgment on September 9, 2025, constituting a final disposition in the State Court Action. *See 21st Mortgage Corporation v. Pressley*, No. 2025-cp-3000667, Anderson County Court of Common Pleas, available at Laurens County Eighth Judicial Circuit Public Index, https://publicindex.sccourts.org/Laurens/PublicIndex/PISearch.aspx (search by case number "2025cp3000667"). As such, this Court cannot accept Plaintiff's purported removal because the State Court Action is not currently pending. *See Rome v. Everbank*, C/A No. 2:13-cv-01819-CWH, 2013 WL 4505415, at *1, *10 (D.S.C. Aug. 22, 2013) (denying the plaintiff's purported removal of a state foreclosure action where final judgment had been entered in the state foreclosure action prior to the notice of removal); *Plantation at Haywood v. Jenkins*, C/A No. 6:23-cv-05017-DCC-KFM, 2023 WL 11051500, at *3 (D.S.C. Oct. 12, 2023) (same), *R&R adopted by* 2024 WL 1579670 (D.S.C. Apr. 11, 2024).

Even presuming that the State Court Action was pending at the time Plaintiff filed the Complaint, removal would not be proper based upon a lack of subject matter jurisdiction. Plaintiff alleges, as a basis for this Court's jurisdiction, federal question jurisdiction. ECF No. 1. However, Plaintiff cannot manufacture federal question jurisdiction in the present matter by referencing the United States Constitution, sections of the United States Code, or Rules of Civil Procedure because the State Court Action did not arise under the United States Constitution or other federal laws. *See Gully v. First Nat'l Bank*, 299 U.S. 109 (1936) (noting that the basis of federal question jurisdiction must appear upon the face of the state court complaint, and it cannot be supplied by reference to the answer or petition); *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 585 (4th Cir. 2006)

(noting that "actions in which [state court] defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question" (internal citations omitted)).  Accordingly, this Court lacks subject matter jurisdiction to accept removal from the state court to consider the Plaintiff's claims because the State Court Action terminated prior to the filing of the Complaint in this case and because the State Court Action does not raise a federal question.  The underlying State Court Action could not have been brought originally in federal court, and Plaintiff's attempt to raise federal issues in this Court does not create federal jurisdiction.

This Court has routinely dismissed or summarily remanded on initial review cases brought by *pro se* litigants making substantially the same allegations seeking to remove ejectment actions from the state courts.  *See, e.g.*, *Al-Rawi v. Harris*, C/A No. 6:18-cv-2254-DCC-JDA, 2018 WL 4999774 (D.S.C. Aug. 16, 2018) (summarily remanding removed state court eviction action), *R&R adopted by* 2018 WL 4961909 (D.S.C. Oct. 15, 2018); *Boyd v. Diangikes*, C/A No. 7:19-cv-1077-BHH-JDA, 2019 WL 2061496 (D.S.C. Apr. 16, 2019) (summarily dismissing case brought by litigant asserting claims related to eviction proceeding initiated by the defendant in the state magistrate's court), *R&R adopted by* 2019 WL 2057911 (D.S.C. May 9, 2019), *aff'd,* 773 F. App'x 689 (4th Cir. 2019); *Hogg v. Waters*, C/A No. 6:20-cv-02064-TMC-JDA, 2020 WL 6049925 (D.S.C. June 4, 2020) (summarily remanding removed state court eviction action), *R&R adopted by* 2020 WL 6048775 (D.S.C. Oct. 13, 2020); *Jackson v. McKenzie*, C/A No. 6:23-cv-02110-HMH-JDA, 2023 WL 3872013 (D.S.C. May 19, 2023) (same), *R&R adopted by* 2023 WL 3866900 (D.S.C. June 7, 2023); *Tinsley Real Est. v. Hudgens*, No. 6:23-cv-03537-DCC-JDA, 2023 WL 8456143 (D.S.C. Aug. 24, 2023) (same), *R&R adopted by* 2023 WL 8455254 (D.S.C. Dec. 5, 2023).

### *Rooker-Feldman Doctrine*

The Court also should not entertain Plaintiff's claims based upon the *Rooker-Feldman* Doctrine.  The *Rooker-Feldman* Doctrine is jurisdictional and may be raised by the Court *sua sponte.  Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) ("A litigant may not circumvent these jurisdictional mandates by instituting a federal action which, although not styled as an appeal, 'amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.'" (citations omitted)).  "[T]he *Rooker-Feldman* doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006).  On September 9, 2025, judgment was entered in the State Court Action against Plaintiff, who was the defendant in that action.  Plaintiff's present Complaint appears to request that the judgment be vacated or that this Court should interfere with the execution of the state court's judgment.  It is well-settled, however, that the *Rooker-Feldman* Doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues; instead, only the United States Supreme Court may review those state-court decisions.  *See Feldman*, 460 U.S. at 476–82 (a federal district court lacks authority to review final determinations of state or local courts because such review can be conducted only by the Supreme Court of the United States under 28 U.S.C. § 1257); *Davani*, 434 F.3d at 719 (explaining how the expansive interpretation of the *Rooker-Feldman* Doctrine was limited by *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)); *see also Dukes v. Stone*, C/A No. 3:08-cv-505-PMD-JRM, 2009 WL 398079, at *4 (D.S.C. Feb. 17, 2009) (explaining that only the United States Supreme Court is empowered with appellate authority to reverse or modify a state court judgment).  "Courts have consistently applied the *Rooker-Feldman* doctrine to dismiss

8

claims requesting federal district court review of a state court's eviction and foreclosure proceedings." *Sanders v. Cohn, Goldberg & Deutsch, LLC*, C/A No. 15-cv-1571-DKC, 2016 WL 223040, at *4 (D. Md. Jan. 19, 2016) (citations omitted); *see also Ogunsula v. Holder*, C/A No. GJH-15-cv-1297, 2015 WL 3892126, at *3 (D. Md. June 22, 2015) ("With respect to Plaintiff's claim regarding the alleged improper foreclosure on and eviction from her home, her claim is not appropriately brought in this Court.").

The *Rooker-Feldman* Doctrine applies even if the state court litigation has not reached a state's highest court. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 892–93 & nn.3–4 (9th Cir. 1986); *see also* 28 U.S.C. § 1738 (providing that a federal court must accord full faith and credit to a state court judgment); *Robart Wood & Wire Prods. Corp. v. Namaco Indus.*, 797 F.2d 176, 178 (4th Cir. 1986). As such, because Plaintiff appears to seek an order from this Court interfering with or vacating the judgment entered in the State Court Action, the present action is subject to summary dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Boyd v. Simmons*, C/A No. 6:18-cv-576-BHH-JDA, 2018 WL 4999804, at *4 (D.S.C. Mar. 14, 2018) (finding *Rooker-Feldman* Doctrine barred the plaintiff's claims related to a state court eviction action), *R&R adopted by* 2018 WL 4356579 (D.S.C. Sept. 13, 2018).

**Plaintiff's Motion for TRO**

Because Plaintiff's Complaint is subject to summary dismissal, her Motion for TRO must also be denied. A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (citation and internal quotation marks omitted). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *United States v. South*

*Carolina*, 720 F.3d 518, 524 (4th Cir. 2013) (citation and internal quotation marks omitted). Because granting a motion for preliminary injunctive relief "requires that a district court, acting on an incomplete record, order a party to act, or refrain from acting, in a certain way[,] [t]he danger of a mistake in this setting is substantial." *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994) (citation and internal quotation marks omitted). Accordingly, the decision whether to grant a preliminary injunction is committed to the equitable discretion of the district court. *See Salazar v. Buono*, 559 U.S. 700, 714 (2010); *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007).

The standard for granting preliminary injunctive relief is set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). Under *Winter*, to obtain a preliminary injunction, the moving party must demonstrate:

1) he is likely to succeed on the merits,

2) he will suffer irreparable harm if the preliminary injunction is not granted,

3) the balance of equities favors him, and

4) the injunction is in the public interest.

555 U.S. at 20; *see also League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). Moreover, *Winter* requires that each preliminary injunction factor "be 'satisfied as articulated.'" *Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013) (quoting *The Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 347 (4th Cir. 2009), *vacated on other grounds, Citizens United v. FEC*, 558 U.S. 310 (2010), *aff'd, The Real Truth About Obama, Inc. v. FEC*, 607 F.3d 355 (4th Cir. 2010). To succeed, Plaintiff must satisfy all four of these requirements. *Pashby*, 709 F.3d at 320–21. Therefore, the movant bears a heavy burden in seeking a preliminary injunction. *Id.* at 321.

The analysis for a motion for preliminary injunction and a request for TRO is the same. *Moore v. Kempthorne,* 464 F.Supp.2d 519, 525 (E.D. Va. 2006) (recognizing that the standard for granting a temporary restraining order is the same as the standard for granting a preliminary injunction); *Luther v. Wells Fargo Bank*, C/A No. 4:11-cv-00057, 2012 WL 423753, at *1 n.1 (W.D. Va. Feb. 8, 2012).

Because the Court lacks jurisdiction over each of Plaintiff's claims, the Motion for TRO should be found as moot or denied. Further, Plaintiff is not entitled to a TRO because she has not shown that she can satisfy the test articulated in *Winter*. Importantly, Plaintiff cannot show that she is likely to succeed on the merits of her claims as this case is subject to summary dismissal for the reasons stated above. Therefore, on the merits, Plaintiff's Motion for TRO should be denied.

## RECOMMENDATION

Accordingly, it is recommended that the District Court **DENY** Plaintiff's Motion for TRO and **DISMISS** the Complaint filed in this action for lack of subject matter jurisdiction.[3]

**IT IS SO RECOMMENDED**.

s/William S. Brown<br>
United States Magistrate Judge

November 13, 2025
Greenville, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

---

[3] For the reasons stated herein, it would be futile for Plaintiff to amend her pleadings. Therefore, the undersigned recommends that the Court decline to give Plaintiff an opportunity to amend. *See Workman v. Kernell*, C/A No. 6:18-cv-00355-RBH-KFM, 2018 WL 4826535, at *2 (D.S.C. Oct. 2, 2018), *aff'd*, 766 F. App'x 1 (4th Cir. 2019); *Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (holding that "[w]hen a district court dismisses a complaint or all claims without granting leave to amend, its order is final and appealable").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East Washington Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).